NORTHERN ILLINOIS COAL & IRON CO. OF LA SALLE *v.* YOUNG and others.

*(Circuit Court, N. D. Illinois.  July 7, 1882.,*

1. BILL OF REVIEW—FRAUD—RIGHT TO FILE.
   An original bill, in the nature of a bill of review, for fraud, may be filed as matter of right without leave of court.

2. SAME—BY CORPORATION.
   Such a bill, assailing a decree in a foreclosure suit against a corporation, may be filed by the corporation in its own name, after the functions of the receiver have ceased, and without first obtaining his assent.

*Lawrence, Campbell & Lawrence* and *Mr. Doolittle,* for complainant. *Mason Brothers,* for defendants.

HARLAN, Justice, *(orally.)*  On the thirteenth or fifteenth of May, 1876, James L. Young, Mason Young, and Henry L. Young commenced in this court a suit for the foreclosure of a mortgage executed by the present complainant upon its property. A decree of sale was entered March 26, 1877, and an order requiring the master to sell the property to satisfy the mortgage debt was entered April 3, 1878. The sale occurred in 1878, and the deed to the purchasers (defendants here) was approved on the twenty-seventh of February, 1880. This suit was commenced on November 7, 1881. The bill charges that the acts of the complainants in the foreclosure suits in obtaining the decree of sale, and in the conduct of the sale, constituted a fraud upon the court and upon the company, and that for reasons set out in the bill the sale should be set aside. The prayer of the bill is that the decree of foreclosure be declared fraudulent and void; that an account be taken of what, if anything, is due on the mortgage; of the rents and profits received during the foreclosure proceedings, to the end that it may be ascertained whether the mort-

gage debt has not been fully satisfied; that the complainants be permitted to redeem the property on payment of the amount due on the mortgage debt, which, it is alleged, complainant is ready and willing to do; that the property be resold in separate parcels, under a decree of this court; and that the personal property be sold where it is located, and subject to the inspection of bidders. The case is now submitted upon defendants' motion to dismiss the bill upon the following grounds: (1) It was filed without leave of the court first had for that purpose; (2) it was not filed by or with the authority of the receiver of the Northern Illinois Coal & Iron Company, appointed in the foreclosure suit, who alone, it is claimed, had the right to use the name of the company for the purposes of such a suit as this; (3) the time within which such a bill could be filed had expired when this suit was commenced.

*Held,* the motion to dismiss proceeds mainly upon the ground that the bill is a bill of review of the class which may not be filed without leave of the court. But this position, it seems to the court, cannot be sustained. The present bill, although possessing some of the characteristics of a bill of review, is, in its essential features, an original bill, in the nature of a bill of review, for fraud. It may be filed as matter of right, and without leave of court. Story, Eq. Pl. (8th Ed.) 426, and notes; 2 Daniell, Ch. Pr. (4th Ed.) 1584. This disposes of the question of limitation, since the suit was brought within five years from the decree of sale. That is the limitation in this state upon actions of law for damages, and by analogy the same limitation should be applied to original bills for fraud in obtaining a decree. And even that time may be enlarged when there has been fraudulent concealment of the facts and circumstances constituting the alleged fraud. Rev. St. Ill. 1881, p. 943.

The objection that this suit could not be brought in the name of the company without authority from the receiver in the foreclosure suit is overruled. In so deciding the court must not be understood as now passing upon the question, raised by complainant's counsel, as to whether the original order appointing the receiver in the foreclosure proceedings was not void. The property sought to be redeemed is in possession neither of the company nor the receiver. The functions of the latter ceased when the proceedings in the foreclosure suit terminated. If the right of redemption exists at all, it is proper that it should be asserted. If the receiver might have sued of his own motion, that right is not exclusive of the right of the corporation itself to sue and be sued. If the corporation could not sue

or be sued with reference to the property involved in the foreclosure suit, while that suit was pending, there is no reason why, after the termination of that suit, it might not, in apt time and in its own name, without consulting the receiver, bring an original bill for fraud, to the end that it might recover its property and resume its business. Of course the court does not mean to express any opinion upon the merits of the case, but only to dispose of the motion in the light of the allegations of the bill. The motion to dismiss is overruled.